**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| GARCIA, | ) | |
| Plaintiff, | ) ) ) ) | No. 2:25-cv-02599-BCL-cgc |
| v. | ) ) | |
| CITY OF MUNFORD, TENNESSEE et al., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING MUNFORD DEFENDANTS' PARTIAL MOTION TO DISMISS**

This case was transferred to the undersigned on March 5, 2026.[1] Doc. 44. Before the Court is the Munford Defendants'[2] Partial Motion to Dismiss. Doc. 22.

In the portion of their Motion to Dismiss that remains relevant, the Munford Defendants seek dismissal of Plaintiff's claim under 42 U.S.C. § 1983 for retaliation (Count III, Doc. 53 at 13-15). Doc. 22. For the reasons below, the Partial Motion to Dismiss is **GRANTED**.

## BACKGROUND

This matter arises from a complaint filed by Plaintiff Kenneth Garcia, a former Patrol Officer of Puerto Rican descent, against the City of Munford, the Town of Brighton, and several of their respective officials. Doc. 1. In the Operative Amended Verified Complaint, Mr. Garcia alleges that during his tenure with the Munford Police Department, he was subjected to discrimination on the basis of race. Doc. 53 at 2. Mr. Garcia claims he was unfairly disciplined for

---

[1] The case was earlier assigned to Judge Mark Norris.
[2] City of Munford, Randal Baskin, Christopher Yount, Daron Flake, Lucas Young, Daniel Hamm, and James Taube.

resting in his vehicle and for using his patrol car for transporting his children, which he alleges
were activities permitted for white officers. *Id*. at 5-6. Furthermore, he asserts he was denied
opportunities for advancement within the Department's SWAT team. *Id*. at 7.

The conflict escalated in June 2024 when Mr. Garcia informed his supervisors that he filed
a discrimination complaint with the EEOC. *Id*. at 8. He was terminated from the Munford Police
Department the following day. *Id*. Subsequently, Mr. Garcia applied for a position with the
Brighton Police Department. *Id*. He alleges that despite initial indications he would be hired, the
Town of Brighton rescinded the opportunity. *Id*. at 9. He contends this was a retaliatory act directed
by the Mayor of Brighton due to his legal actions against Munford. *Id*.

On June 12, 2025, Mr. Garcia filed suit asserting six counts of racial discrimination and
retaliation under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the THRA. Doc. 1. In his operative
complaint, Mr. Garcia has voluntarily dropped the following claims in response to the Munford
Defendants' Motion to Dismiss: Plaintiff's Section 1981 claims against the Munford Defendants,
Plaintiff's claims under the Tennessee Human Rights Act against Randal Baskin, Daron Flake,
James Taube, Daniel Hamm, and Christopher Yount, and Plaintiff's claims for punitive damages
under Section 1983 and the Tennessee Human Rights Act. *See* Docs. 29, 53. As a result, the
remaining claims against the Munford Defendants are:

- Count I - Race and Color Discrimination in Violation of 42 U.S.C. § 1983 Fourteenth Amendment Equal Protection against Munford Defendants. Doc. 53 at 9.

- Count II - Race and Color Discrimination in Violation of the THRA against City of Munford, Tennessee. *Id*. at 12.

- Count III - Unlawful Retaliation in Violation of 42 U.S.C. § 1983 against All Defendants. *Id*. at 13.

- Count IV - Unlawful Retaliation in Violation of the THRA against City of Munford, Tennessee and Town of Brighton, Tennessee. *Id*. at 15.

On September 17, 2025, the Munford Defendants filed a Partial Motion to Dismiss. Doc. 22. As relevant here, this Motion seeks to dismiss Count III, for unlawful retaliation in violation of 42 U.S.C. § 1983, based on an argument that Title VII provides the sole remedy where a plaintiff claims that he was retaliated against for conduct protected by Title VII.  Doc. 22-1 at 5.  The Munford Defendants have not sought dismissal of Count I - Race and Color Discrimination in Violation of 42 U.S.C. § 1983 Fourteenth Amendment Equal Protection against Munford Defendants; Count II – Race and Color Discrimination in Violation of the THRA against City of Munford; or Count IV – Unlawful Retaliation in Violation of the THRA against City of Munford. Doc. 32.

## ANALYSIS

As noted above, in the sole unresolved argument in their Motion to Dismiss, the Munford Defendants seek to dismiss Count III, for unlawful retaliation in violation of 42 U.S.C. § 1983. Doc. 32 at 2. The Munford Defendants claim that dismissal of the Section 1983 claim based on an argument that Title VII provides the sole remedy where a plaintiff claims that he was retaliated against for conduct protected by Title VII.  Doc. 22-1 at 5.

### 1.  Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility requires more than factual allegations that demonstrate "a sheer possibility" of unlawful conduct or are "'merely consistent with' a defendant's liability." *Id*. If the factual

allegations "do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not show[n] that the pleader is entitled to relief" and cannot survive a motion to dismiss. *Id*. at 679. In determining whether the complaint states a plausible claim, the district court must accept the well-pleaded factual allegations in the complaint as true. *Id*. at 678-79. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679.

### 2. Plaintiff has not stated a claim for relief under Section 19983 for retaliation.

The Munford Defendants argue that the plaintiff's retaliation claims should be dismissed because they are based on his filing of an EEOC charge, which they contend makes Title VII his sole federal remedy. Doc. 32 at 3. They assert that Section 1983 cannot be used to bypass the specific administrative requirements and remedial framework of Title VII when the underlying conduct involves protected activity covered by that statute. *Id*. at 4.

The Munford Defendants' argument has grounding in binding Sixth Circuit precedent. That Court has held that, "[w]hatever the scope or source of a constitutional claim of improper retaliation in other circumstances, where the plaintiff asserts that she has been retaliated against for filing a complaint under Title VII, her sole federal remedy is the cause of action provided for under Title VII." *Morris v. Oldham Cnty. Fiscal Ct.*, 201 F.3d 784, 794-95 (6th Cir. 2000); *see also Day v. Wayne Cnty. Bd. Of Auditors*, 749 F.2d 1199, 1204-05 (6th Cir. 1984) ("Here the … only wrongful act was [defendants'] retaliation for the plaintiff's actions, a violation of Title VII. We conclude that Congress did not intend this violation to be the basis of a Section 1983 claim.").

In response, Plaintiff makes both a legal and a factual argument. His legal argument is that he can still bring a Section 1983 claim premised on retaliation in violation of 42 U.S.C. § 1981, because Section 1983 is "the exclusive federal remedy for violation of the rights guaranteed in §

1981 by state governmental units." Doc. 29 at 4 (quoting *Arendale v. City of Memphis*, 519 F.3d 587, 599-600 (6th. Cir. 2008). And, while Plaintiff does not cite it, there is binding Sixth Circuit precedent supporting the position that *constitutional* claims may be asserted under Section 1983 even if Section 1983 does *not* provide a vehicle for a parallel statutory claim. *See Bullington v. Bedford Cnty., Tenn.*, 905 F.3d 467, 472 (6th Cir. 2017) (in analogous context of a claim parallel to the Americans with Disabilities Act, holding that while Section 1983 does not provide a basis for a claim under a more specific statute (like Title VII), it does provide a basis for a constitutional claim, "even where the plaintiff's constitutional claim runs parallel to claims brought under analogous statutes"). The parties have cited no precedent extending that principle to claims based on Section 1981, but the same logic would seem to apply, and the Court has found no precedent treating claims based on Section 1981 differently from constitutional claims for purposes of displacement by Title VII.

That leads to Plaintiff's factual argument—i.e., that "nowhere in the Complaint does Plaintiff claim to have filed a complaint specifically under Title VII prior to his termination," so that it remains possible he is claiming his activity was protected by some source of law other than Title VII. Doc. 29 at 3-4. That argument is inconsistent with the pleading standard, which requires "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's retaliation claim nowhere mentions Section 1981 or any other sort of law—rather, it alleges only (as relevant here) that he was "engaged in protected activity when … he decided to file a complaint with the EEOC" and that his termination and rejection in hiring was "solely because of his EEOC Charge of Discrimination." Doc. 53 at 14-15. And that is fatal to Plaintiff's claim here, because the Sixth Circuit has made clear that a plaintiff seeking to assert a Section 1983, non-Title VII claim that is "parallel" to a claim under

5

Title VII "must allege that the conduct forming the basis of her Section 1983 claim violates a … right apart from the rights protected under Title VII." *Ogbonna-McGruder v. Austin Peay State University*, 91 F.4th 833, 844 (6th Cir. 2024), *abrogated on other grounds as recognized in Kellar v. Yunion*, 157 F.4th 855 (6th Cir. 2025). Vague references to other laws, "without providing a specific provision, do[ ] not adequately put defendants on notice of [plaintiff's] claims for purposes of a motion to dismiss." *Id.* at 844.  Plaintiff's complaint falls even further short, as it does not even gesture broadly at other provisions of law.

The Court therefore **GRANTS** the Munford Defendants' Motion to Dismiss Count III of the operative complaint.  Moreover, Count III of the operative complaint is **DISMISSED WITH PREJUDICE.** The case has been pending since June 12, 2025 (Doc. 1), and Plaintiff has already amended his complaint once in an effort to respond to arguments raised by the Munford Defendants. Docs. 29, 49, 53. Despite making those changes, Plaintiff declined to amend his claim of retaliation to account for the deficiencies identified by the Munford Defendants.  Nor did Plaintiff seek leave to amend in the event the Munford Defendants' Motion to dismiss were granted (as it now is).   Under these circumstances, there is no basis for granting leave to amend.

<u>**CONCLUSION**</u>

For the reasons set forth above, the Munford Defendants' Partial Motion to Dismiss is **GRANTED** and his Section 1983 claim for retaliation is **DISMISSED WITH PREJUDICE.** As this matter pertains to the Munford Defendants, the following claims remain:

> Count I – Race and Color Discrimination in Violation of 42 U.S.C. § 1983 Fourteenth Amendment Equal Protection against Munford Defendants.

> Count II – Race and Color Discrimination in Violation of the THRA against City of Munford.

> Count IV – Unlawful Retaliation in Violation of the THRA against City of Munford.

Doc 53 at 9, 12, 15.

**SO ORDERED**, this 10th day of April 2026.

*s/Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE