**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

|  |  |  |
|---|---|---|
| GARCIA, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 2:25-cv-02599-BCL-cgc |
| v. | ) ) | |
| CITY OF MUNFORD, TENNESSEE et al., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART BRIGHTON DEFENDANTS'**
**JOINT MOTION FOR JUDGMENT ON THE PLEADINGS**

This case was transferred to the undersigned on March 5, 2026.[1] Doc. 44. Before the Court is the Brighton Defendants'[2] Joint Motion for Judgment on the Pleadings. Doc. 26.

In the portions of their Motion for Judgment on the Pleadings that remain relevant, the Brighton Defendants seek dismissal of Plaintiff's claims for retaliation under 42 U.S.C. § 1983 (Count III, Doc. 53 at 13-15) and the Tennessee Human Rights Act ("THRA") (Count IV, Doc. 53 at 15). Doc. 26. For the reasons below, the Motion for Judgment on the Pleadings is **GRANTED** as to Count III and **DENIED** as to Count IV.

**BACKGROUND**

This matter arises from a complaint filed by Plaintiff Kenneth Garcia, a former Patrol Officer of Puerto Rican descent, against the City of Munford, the Town of Brighton, and several of their respective officials. Doc. 1. In the Operative Amended Verified Complaint, Mr. Garcia

---

[1] The case was earlier assigned to Judge Mark Norris.
[2] Town of Brighton, Jonathan Max, and Stephanie Chapman-Washam.

alleges that during his tenure with the Munford Police Department, he was subjected to discrimination on the basis of race. Doc. 53 at 2. Mr. Garcia claims he was unfairly disciplined for resting in his vehicle and for using his patrol car for transporting his children, which he alleges were activities permitted for white officers. *Id*. at 5-6. Furthermore, he asserts he was denied opportunities for advancement within the Department's SWAT team. *Id*. at 7.

The conflict escalated in June 2024 when Mr. Garcia informed his supervisors that he filed a discrimination complaint with the EEOC. *Id*. at 8. He was terminated from the Munford Police Department the following day. *Id*. Subsequently, Mr. Garcia applied for a position with the Brighton Police Department. *Id*. He alleges that despite initial indications he would be hired, the Town of Brighton rescinded the opportunity. *Id*. at 9. He contends this was a retaliatory act directed by the Mayor of Brighton due to his legal actions against Munford. *Id*.

On June 12, 2025, Mr. Garcia filed suit asserting six counts of racial discrimination and retaliation under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the THRA. Doc. 1. In his operative complaint, Mr. Garcia has voluntarily dropped the following claims in response to the Brighton Defendants' Motion for Judgment on the Pleadings: Plaintiff's claims under the Tennessee Human Rights Act ("THRA") against Jonathan Max and Stephanie Chapman-Washam, and Plaintiff's claims for punitive damages under Section 1983 and the Tennessee Human Rights Act. *See* Docs. 33, 53. As a result, the remaining claims against the Brighton Defendants are:

- Count III - Unlawful Retaliation in Violation of 42 U.S.C. § 1983 against All Defendants. Doc. 53 at 13.

- Count IV - Unlawful Retaliation in Violation of the THRA against Town of Brighton, Tennessee. *Id*. at 15.

On October 9, 2025, the Brighton Defendants filed a Joint Motion for Judgment on the Pleadings. Doc. 26. As is relevant here, this Motion first seeks to dismiss Count III, for unlawful

2

retaliation in violation of 42 U.S.C. § 1983, based on an argument that Title VII provides the sole remedy where a plaintiff claims that he was retaliated against for conduct protected by Title VII. *Id*. at 5-6; Doc. 35 at 2-5. The Brighton Defendants then seek to dismiss Count IV, arguing that because only a state law claim remains, the Court lacks jurisdiction. Doc. 26-1 at 8.

## **ANALYSIS**

As noted above, Brighton Defendants seek to dismiss Plaintiff's claims for retaliation under 42 U.S.C. § 1983 (Count III, Doc. 53 at 13-15) and the Tennessee Human Rights Act ("THRA") (Count IV, Doc. 53 at 15). Doc. 26. The Brighton Defendants assert that dismissal of the Section 1983 claim is required based on an argument that Title VII provides the sole remedy where a plaintiff claims that he was retaliated against for conduct protected by Title VII. *Id*. at 5. They further argue that because the federal claim must be dismissed, the Court should not exercise jurisdiction over the remaining state law claim. *Id*. at 8.

### 1. **Legal Standard**

A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as a Rule12(b)(6) motion to dismiss. *See Brown v. Louisville-Jefferson Cnty. Metro Gov't*, 135 F.4th 1022, 1030 (6th Cir. 2025). Under that standard, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility requires more than factual allegations that demonstrate "a sheer possibility" of unlawful conduct or are "'merely consistent with' a defendant's liability." *Id*. If the factual allegations "do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not show[n]

that the pleader is entitled to relief" and cannot survive a motion to dismiss. *Id*. at 679. In determining whether the complaint states a plausible claim, the district court must accept the well-pleaded factual allegations in the complaint as true. *Id*. at 678-79. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679.

### 2. Plaintiff has not stated a claim for relief under Section 1983 for retaliation.

The Brighton Defendants argue that the plaintiff's claims should be dismissed because they are based on his filing of an EEOC charge, which they contend makes Title VII his sole federal remedy. Doc. 26-1 at 5. They assert that Section 1983 cannot be used to bypass the specific administrative requirements and remedial framework of Title VII when the underlying conduct involves protected activity covered by that statute. Doc. 35 at 5.

The Brighton Defendants' argument has grounding in binding Sixth Circuit precedent. That Court has held that, "[w]hatever the scope or source of a constitutional claim of improper retaliation in other circumstances, where the plaintiff asserts that she has been retaliated against for filing a complaint under Title VII, her sole federal remedy is the cause of action provided for under Title VII." *Morris v. Oldham Cnty. Fiscal Ct.*, 201 F.3d 784, 794-95 (6th Cir. 2000); *see also Day v. Wayne Cnty. Bd. Of Auditors*, 749 F.2d 1199, 1204-05 (6th Cir. 1984) ("Here the … only wrongful act was [defendants'] retaliation for the plaintiff's actions, a violation of Title VII. We conclude that Congress did not intend this violation to be the basis of a Section 1983 claim.").

In response, Plaintiff makes both a legal and a factual argument. His legal argument is that he can still bring a Section 1983 claim premised on retaliation in violation of 42 U.S.C. § 1981, because Section 1983 is "the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." Doc. 33 at 4 (quoting *Arendale v. City of Memphis*, 519 F.3d

587, 599-600 (6th. Cir. 2008)). And, while Plaintiff does not cite it, there is binding Sixth Circuit precedent supporting the position that *constitutional* claims may be asserted under Section 1983 even if Section 1983 does *not* provide a vehicle for a parallel statutory claim. *See Bullington v. Bedford Cnty., Tenn.*, 905 F.3d 467, 472 (6th Cir. 2017) (in analogous context of a claim parallel to the Americans with Disabilities Act, holding that while Section 1983 does not provide a basis for a claim under a more specific statute (like Title VII), it does provide a basis for a constitutional claim, "even where the plaintiff's constitutional claim runs parallel to claims brought under analogous statutes"). The parties have cited no precedent extending that principle to claims based on Section 1981, but the same logic would seem to apply, and the Court has found no precedent treating claims based on Section 1981 differently from constitutional claims for purposes of displacement by Title VII.

That leads to Plaintiff's factual argument—i.e., that "nowhere in the Complaint does Plaintiff claim to have filed a complaint specifically under Title VII prior to his termination," so that it remains possible he is claiming his activity was protected by some source of law other than Title VII. Doc. 33 at 3. That argument is inconsistent with the pleading standard, which requires "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's retaliation claim nowhere mentions Section 1981 or any other sort of law—rather, it alleges only (as relevant here) that he was "engaged in protected activity when … he decided to file a complaint with the EEOC" and that his termination and rejection in hiring was "solely because of his EEOC Charge of Discrimination." Doc. 53 at 14-15. And that is fatal to Plaintiff's claim here, because the Sixth Circuit has made clear that a plaintiff seeking to assert a Section 1983, non-Title VII claim that is "parallel" to a claim under Title VII "must allege that the conduct forming the basis of her Section 1983 claim violates a …

5

right apart from the rights protected under Title VII." *Ogbonna-McGruder v. Austin Peay State University*, 91 F.4th 833, 844 (6th Cir. 2024), *abrogated on other grounds as recognized in Kellar v. Yunion*, 157 F.4th 855 (6th Cir. 2025). Vague references to other laws, "without providing a specific provision, do[ ] not adequately put defendants on notice of [plaintiff's] claims for purposes of a motion to dismiss." *Id.* at 844. Plaintiff's complaint falls even further short, as it does not even gesture broadly at other provisions of law.

The Court therefore **GRANTS** the Brighton Defendants' Motion for Judgment on the Pleadings as to Count III. Moreover, Count III of the operative complaint is **DISMISSED WITH PREJUDICE.** The case has been pending since June 12, 2025 (Doc. 1), and Plaintiff has already amended his complaint once in an effort to respond to arguments raised by the Brighton Defendants. Doc. 53. Despite making those changes, Plaintiff declined to amend his claim of retaliation to account for the deficiencies identified by the Brighton Defendants. Nor did Plaintiff seek leave to amend in the event the Brighton Defendants' Motion was granted (as it now is in part). Under these circumstances, there is no basis for granting leave to amend.

### 3. The Court maintains supplemental jurisdiction over the remaining THRA claim against the Town of Brighton.

The Brighton Defendants further argue that because Garcia's federal claims should be dismissed, the Court should decline jurisdiction over the remaining state law claim under the THRA (Count IV, Doc. 53 at 15). Doc. 26-1 at 8-10. Plaintiff has asserted that the Court has supplemental jurisdiction based on the interrelatedness of his federal and state law claims. Doc. 53 at 4.

District courts have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "In other

6

words, if there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002) (internal citations omitted). Claims form part of the same case or controversy when they 'derive from a common nucleus of operative facts.'" *Carmichael v. City of Cleveland*, 571 F. App'x 426, 434 (6th Cir. 2014). District courts have "broad discretion to decide whether to exercise jurisdiction over state-law claims that are so related to claims in the action" within their original jurisdiction. *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010). "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Id.*

As this Court stated in response to the Brighton Defendant's earlier Motion to Bifurcate (Doc. 25), the Complaint alleges a continuous narrative – the discrimination led to the protected activity which then (as alleged by Plaintiff) was the reason for the retaliation. Doc. 52 at 4. Evidence regarding Plaintiff's protected activity, its causes, and any relevant, related communications between these neighboring municipalities is likely to overlap, making jurisdiction proper. *Id.*; *see also Blakely*, 276 F.3d at 861 (6th Cir. 2002) (holding that a district court may exercise supplemental jurisdiction over an additional defendant where the state law claims arise from the same narrative and concerted scheme as the claims within the court's original jurisdiction). To decline jurisdiction would require the same Plaintiff and many of the same witnesses to provide repetitive testimony in separate forums, which would undermine judicial economy, convenience, and fairness to the Plaintiff. Doc. 52. Therefore, because the state law claim against the Town of Brighton is inextricably linked to the federal claims against the Munford Defendants, the exercise of supplemental jurisdiction is proper.

7

The Court therefore **DENIES** the Motion as to Count IV of the operative complaint.

## <u>CONCLUSION</u>

For the reasons set forth above, the Brighton Defendants' Motion for Judgment on the Pleadings is **GRANTED** as to Count III and **DENIED** as to Count IV. Plaintiff's Section 1983 claim for retaliation is **DISMISSED WITH PREJUDICE.** Because no further claims remain pending against Defendants Jonathan Max and Stephanie Chapman-Washam, they are hereby **DISMISSED** from this action. As this matter pertains to the remaining Brighton Defendant, Town of Brighton, the following claim remains:

> Count IV – Unlawful Retaliation in Violation of the THRA against Town of Brighton.

Doc. 53 at 15.

**SO ORDERED**, this 13th day of April 2026.

*s/Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE
